NATHAN J. STEIN, as Committee of the Estate of JOHN LUFT, an Incompetent Person, Appellant, *v.* LORENZ STRACK and Another, Respondents.

First Department, April 6, 1934.

*Paul L. Ross* of counsel [*Harry Chashin* with him on the brief; *Paul L. Ross*, attorney], for the appellant.

*John B. Wheeler* of counsel [*Wheeler & Rosenberg*, attorneys], for the respondent.

GLENNON, J. The plaintiff instituted this action against the defendant Lorenz Strack to compel him to account for the sum of $4,700 which he received from one John Luft, an incompetent.

In an affirmative defense Strack alleged that in the latter part of January, 1931, Luft created an oral trust of the funds still remain-

ing in the hands of the defendant Strack, wherein he was designated as trustee, in favor of Marie Jeunger. The latter was added as a party defendant pursuant to the provisions of a stipulation in writing by an order dated March 18, 1933. She also claimed that the incompetent in the latter part of January, 1931, had created a trust in her favor. Other allegations appear in the answers of the respondents, but we do not deem it necessary to refer to them at length, since the real matter in dispute upon this appeal involves the creation of the so-called trust. An order was entered by one of the justices of the Supreme Court on the 9th day of February, 1931, wherein Luft was adjudged insane. As a result he was committed to the Central Islip State Hospital. On the 25th day of October, 1932, the plaintiff Nathan J. Stein was appointed committee of the estate and, subsequent thereto, duly qualified.

When this case was reached for trial at Special Term, the plaintiff rested his case upon the admissions made by the defendants. The witnesses for the defendants were the respondents Lorenz Strack and Marie Jeunger and also Joseph Jeunger, a son of the latter. An attempt was made by the respondents to establish that an oral trust was created by John Luft on the 31st day of January, 1931, five days before the respondent Marie Jeunger and her son accompanied him to the psychopathic ward of Bellevue Hospital, pursuant to the directions of a physician.

The appellant does not claim that the testimony of Joseph Jeunger was inadmissible upon the trial. He asserts, however, and properly so, that the admission of the testimony of the respondents Strack and Marie Jeunger was improper and constituted reversible error. (*Griswold* v. *Hart*, 205 N. Y. 384.)

It is admitted by respondent Jeunger in her brief that her testimony was improperly admitted, but she contends " that the testimony of the respondent Strack was proper for the reason that said respondent was not interested in the event, within the meaning of section 347 of the Civil Practice Act." However, in urging this point she overlooks the financial interest which Strack had in the litigation. The latter had a real interest. If the evidence failed to establish the creation of a trust, he naturally would be held accountable to the committee for all the funds of the incompetent, which he had in hand at the time of the adjudication on February 9, 1931. It is not disputed that timely objection, proper in form, was made by the appellant to the admission of the testimony of Strack.

The testimony given by Joseph Jeunger in an attempt to prove the creation of the trust was not, by any means, clear and convincing. We doubt very much that the court would have placed

any reliance on it, if it were not supported by the testimony of his mother and Strack. One cannot readily overlook the fact that this witness must have been aware of the mental condition of the incompetent at the time he claimed he overheard the conversation between the parties, since, within a few days thereafter, he accompanied Luft to the psychopathic ward at Bellevue Hospital.

We have reached the conclusion that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.