## In the Matter of the Estate of HELEN BURKE, Deceased.

Surrogate's Court, New York County, May 20, 1941.

*Joseph A. Cox*, for the public administrator, petitioner.

*Joseph P. Brennan, Jr.*, for Robert E. Gilbert, respondent.

DELEHANTY, S. By agreement the petition in discovery was amended so as to assert a claim on the part of the estate to ten dollars in cash and one gold watch in addition to the property referred to in the petition. The answer was also amended so as to assert respondent's interest in these additional properties under the same terms as an interest was asserted in the property originally sought in the proceeding.

The proof established beyond peradventure that money of which deceased was the sole owner found its way to the extent of $1,775 into the hands of respondent who put it in an account in the same bank labeled in the name of respondent "for Ellen Burke." The form of the account suffices to show estate ownership of the money. Nothing whatever is shown in opposition. The respondent sought to testify to personal transactions with deceased. His attorney claimed that he was not disqualified as a witness despite objection under section 347 of the Civil Practice Act because he asserted no personal interest in the fund and asserted a status as trustee only. The answer interposed by respondent shows affirmatively that he is seeking to justify certain expenditures from the fund received by him. His interest in the event of the action is clear on the record. The question is one of title as between him and the estate of deceased. The cases cited by respondent's counsel in an effort to avoid the operation of section 347 of the Civil Practice

Act do not justify the reception of respondent's evidence. The precise question here presented was decided adversely to respondent in *Wilkins* v. *Baker* (24 Hun, 32).

The answer disavows any claim of respondent to certain insurance policies on the life of deceased. These are adjudged to be estate property. The court adjudges the moneys in bank likewise to be estate property to the extent of $1,775 together with all interest credits thereafter received on such funds. Whether any offset will be allowed against the adjudged liability of respondent to repay this sum will be considered by the court if any proceedings to enforce the decree of the court shall be brought.

The property covered by the amendment of the proceedings is also adjudged to be estate property.

Submit, on notice, decree accordingly.