Joseph A. Cox, S.
In this discovery proceeding, brought to recover securities of substantial value, the respondent claims title to the property as a trustee of oral trusts for the benefit of a number of beneficiaries. The only proof offered to establish *308 the existence of these purported trusts was the testimony of the respondent unsupported by any writing which would lend credence to his testimony. The fact that the securities in question were in the possession of the respondent does not have the significance of a divestiture on the decedent’s part in view of the further proof that respondent had possession of many other securities which concededly comprise the decedent’s estate. The important fact is that the decedent exercised rights of ownership in respect of all such securities without distinction between those concededly owned by him and those purportedly held by the respondent as a trustee. The decedent received the income from all securities and exercised all the rights pertaining to such securities, which rights, had a trust existed, would have been exercisable by the trustee. The court is asked to accept the bald statement of the respondent that trusts were created although the securities never were transferred to the name of a trustee, the beneficiaries of the alleged trusts were unaware of their existence and the decedent never performed any act which can be regarded as consistent with a trust gift. Quite to the contrary, the decedent treated these securities for all tax purposes as part of his own assets. Nothing in the conduct of the respondent during the decedent’s lifetime gave the slightest indication that he was acting in a fiduciary capacity and the respondent’s failure during such time to make any memorandum of trust terms and either to assert the rights of a trustee or to assume the obligations of a trustee is made particularly conspicuous by the fact that the respondent is a member of the Bar.
Were a decision to be made upon the testimony of the respondent, the court would reject such testimony as incredible. The testimony was received over objections and subject to a ruling upon a motion to strike. The court now grants the motion to strike the testimony upon the ground of the witness’ incompetence under section 347 of the Civil Practice Act (Stein v. Strack, 240 App. Div. 548; Wilkins v. Baker, 24 Hun 32; Matter of Burke, 177 Misc. 303).
It is held that the respondent has failed to sustain the allegations of his answer and that the securities in question are the property of the decedent’s estate.
Submit decree on notice accordingly.